IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TIMOTHY SCOTT BUCK,            )
                               )
        Petitioner,            )
                               )
        v.                     )       1:10CR430-1
                               )       1:13CV723
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On September 6, 2011, this Court (per now-Chief United States District Judge William L. Osteen, Jr.) entered judgment against Petitioner imposing, inter alia, a term of imprisonment, as a result of his guilty plea to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2). (Docket Entry 18; see also Docket Entries dated Feb. 7 and Aug. 11, 2011 (documenting plea and sentencing hearings.)[1] Petitioner did not file a notice of appeal. (See Docket Entries dated Sept. 6, 2011, to present; see also Docket Entry 28 at 4 ("[There was no direct appeal . . . .").) However, on July 19, 2013, the Court docketed a filing signed by Petitioner on June 26, 2013. (Docket Entry 19.) The Court treated said filing as a procedurally-defective motion under 28 U.S.C. § 2255 and promptly sent him the proper form for such a motion. (See Docket Entries 20, 21.) On August 8, 2013,

---

[1] Parenthetical citations refer to Petitioner's criminal case.

Petitioner signed and submitted to prison officials for mailing a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion") on a standard form for such motions, which the Court docketed on August 12, 2013. (Docket Entry 23.) The United States filed a response asking for dismissal, inter alia, based on untimeliness (Docket Entry 25) and Petitioner replied (Docket Entry 28). The Court should dismiss Petitioner's Section 2255 Motion as untimely.

Petitioner's Section 2255 Motion asserts two grounds for relief: 1) "[t]he Commerce Clause can not regulate the free, non-economic and non-commercial activities, according to the Supreme Court" (Docket Entry 23, ¶ 12(Ground One); see also id. (cross-referencing Docket Entry 19 at 1-20, which contends, in turn, that National Fed'n of Indep. Bus. v. Sebelius, ___ U.S. ___, 132 S. Ct. 2566 (2012) ("NFIB"), renders Petitioner actually innocent of child pornography offense to which he pleaded guilty)); and 2) "[c]riminal intent is an impossibility, when downloading or receiving items by title or search word, only according to the Supreme Court" (id., ¶ 12(Ground Two); see also id. (cross-referencing Docket Entry 19 at 8-10, which contends, in turn, that Petitioner lacked knowledge of contents of computer files containing child pornography and thus lacked required mens rea)).

"A 1-year period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

> [t]he limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year period for filing his Section 2255 Motion commenced on or about September 20, 2011, "upon the expiration of the fourteen-day period for filing a direct appeal" after entry of Judgment on September 6, 2011. United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)); see also United States v. Plascencia, 537 F.3d 385, 387 (5th Cir. 2008) ("[The petitioner's] conviction became final when the time expired to file a timely notice of appeal on direct review . . . ."); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (same); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (same); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999)

3

(same); Peoples v. United States, Civ. No. L-10-212, Crim. No. L-04-0423, 2010 WL 1375143, at *1 (D. Md. Mar. 31, 2010) (unpublished) (same), appeal dismissed, 512 F. App'x 376 (4th Cir. 2013); Teal v. United States, Civ. No. 4:12-2391-TLW, Crim. No. 4:09-950, 2013 WL 4776723, at *3 (D.S.C. Sept. 4, 2013) (unpublished) (same); Ervin v. United States, Nos. 1:11CV233, 1:08CR128-7, 2011 WL 5075651, at *3 (W.D.N.C. Oct. 25, 2011) (unpublished) (same). That one-year period expired on or about September 20, 2012, more than nine months before Petitioner signed his procedurally-defective, collateral motion and more than ten and a half months before he signed his Section 2255 Motion.

Petitioner does not argue that the delayed accrual provisions of Paragraphs (2), (3), or (4) of Subsection 2255(f) apply to his Section 2255 Motion. (See Docket Entry 23, ¶ 18.) Instead, under the heading "Timeliness of Motion," he relies on McQuiggin v. Perkins, ___ U.S. ___, 133 S. Ct. 1924 (2013), which (as he notes) holds that "'[a]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is [a procedural bar . . . or, as in this case,] expiration of the statute of limitations'" (Docket Entry 23, ¶ 18 (quoting McQuiggin, ___ U.S. at ___, 133 S. Ct. at 1928); see also Docket Entry 28 at 4-10 (relying on McQuiggin)).

This argument lacks merit. See, e.g., United States v. Rose, 714 F.3d 362, 371 (6th Cir.) ("[The defendant's] expansive reading

4

of [NFIB] to include stripping Congress of its authority to regulate the intrastate manufacture and possession of child pornography is inaccurate."), cert. denied, ___ U.S. ___, 134 S. Ct. 272 (2013); Cobb v. United States, Nos. 7:09CR486-LSC-TMP, 7:13CV8024-LSC-TMP, 2014 WL 6893085, at *6 (N.D. Ala. Dec. 5, 2014) (unpublished) ("[The] [m]ovant in the instant case seeks to have his [child pornography] convictions vacated on the grounds that the district court lacked jurisdiction over [him] because the reach of the Commerce Clause did not extend to his activities, and because his use of the computer as a device for accessing the pornography was not a sufficient 'jurisdictional hook.' Because the holding in NFIB does not extend nearly so far as [the] [m]ovant urges . . ., the court finds that these arguments are completely devoid of merit." (internal footnote omitted)); United States v. McCall, Nos. 1:10CR63-WJG-RHW, 1:13CV271-WJG, 2014 WL 1094770, at *1-2 (S.D. Miss. Mar. 19, 2014) (unpublished) ("[The petitioner] claims that he is actually innocent of the crime [of possessing child pornography], and that the exception for actual innocence to the statute of limitations . . . is met in his case. According to [the petitioner], the decision in [NFIB] establishes that the [c]ourt did not have jurisdiction over this case, because child pornography is not regulated under the Commerce Clause. . . . The [c]ourt concludes that [the petitioner] has no basis to argue that he is factually innocent of [possessing child pornography], and finds

5

that his habeas corpus attack on his conviction and sentence should be dismissed, with prejudice, as time-barred. This finding also results in a determination that [the petitioner] has no reason to claim that he is actually innocent of the crime or that the [c]ourt lacked a jurisdictional foundation for the case." (internal citation and footnote omitted)).[2]

In sum, Petitioner's Section 2255 Motion is untimely.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 23) be dismissed without issuance of a certificate of appealability.

                               /s/ L. Patrick Auld
                              **L. Patrick Auld**
                         **United States Magistrate Judge**
January 13, 2015

---

[2] Nor could Petitioner rely on any change in his understanding of the scope of the Commerce Clause resulting from the issuance of NFIB to obtain either delayed accrual under Paragraph (4) of Subsection 2255(f) or equitable tolling. See Whiteside v. United States, ___ F. 3d ___, 2014 WL 7245453 (4th Cir. 2014) (en banc).